UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  Case No. 18-cr-20794
                                              Honorable Thomas L. Ludington

v.

MICHAEL LEE JOHNSON

    Defendant.
_____/

## ORDER DENYING GOVERNMENT'S MOTION TO SUPPRESS WITHOUT PREJUDICE

On March 5, 2019, Plaintiff filed a "motion to suppress victim's prior allegations of sexual assault." Although the motion is titled a "motion to suppress," it is in reality a motion in limine, as it asks the Court to preclude Defendant from introducing evidence regarding prior allegations of sexual assault that the alleged victim, C.T., made against her former boyfriend, C.J.. *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (defining motion in limine). It is also somewhat of an anomalous motion in limine, in that it does not identify specific evidence to be excluded. Although Defendant indicates that he "seeks to introduce evidence of C.J's false allegations of sexual assault against F.T.," he has not indicated what the evidence is. Nor has Plaintiff indicated what it believes Defendant will attempt to introduce as evidence.

To date, the only such "evidence" the Court is aware of is the fact that, in response to sexual assault allegations by C.J., the government brought criminal charges against F.T. and subsequently dismissed those charges. The Court has not been made aware of the facts and circumstances underlying that series of events.

Plaintiff argues that the evidence should be excluded under the federal rape-shield law, Federal Rule of Evidence 412. In response, Defendant pointed out that, by its express terms, rule 412 is inapplicable. Indeed, the rule provides, in relevant part: "The following evidence is not admissible in a civil or criminal proceeding *involving alleged sexual misconduct*." Fed. R. Evid. 412(a) (emphasis added). This case does not involve alleged sexual misconduct. Rather, the indictment charges: 1) unlawful imprisonment (Count I), 2) assault of an intimate or dating partner by strangulation or attempted strangulation (Count II), 3) assault of an intimate or dating partner by suffocation or attempted suffocation (Count III), 4) interstate domestic violence (Count VI), 5) witness tampering (Counts V, VI, VII, IX, X, XI, XII, XIII), and 6) assault by striking beating or wounding (Count VIII). ECF No. 9. Plaintiff did not file a reply brief, which was due on May 13.

Moreover, evidence of the filing and dismissal of criminal charges provides some circumstantial evidence in support of Defendant's argument that C.J.'s previous allegations against F.T. were not based in fact or could not be corroborated. Plaintiff has identified no reason why such evidence could not be considered as relevant evidence challenging the victim's character for truthfulness under Federal Rule of Evidence 608. Nor has Plaintiff identified any reason why such evidence could not be considered character evidence under Rule 404(b)[1] to support Plaintiff's argument that C.J. has a modus operandi of retaliating against former boyfriends by accusing them of abuse.[2]

In summary, Plaintiff's request to exclude a broad category of potential evidence and

---

[1] Indeed, Plaintiff has filed a notice of intent to offer 404(b) evidence against Defendant.
[2] Notably, if the present Defendant were charged with *sexual* abuse, Defendant's line of argument would be squarely prohibited by the rape shield law, rule 412. It seems sensible as a public policy matter that the same principles justifying protection of sexual assault victims from certain attacks on their credibility should also protect domestic abuse victims from similar credibility challenges. However, as noted above, rule 412 explicitly applies only in a criminal proceeding involving sexual assault. The government has offered no authority suggesting that the same protections attach to victims of domestic abuse.

argumentation based on rule 412 will be denied, because that rule is facially inapplicable to this case which involves no allegation of sexual assault. If Plaintiff learns of specific pieces of evidence Defendant intends to introduce, and if Plaintiff has a distinct argument for the exclusion thereof (i.e. one not grounded in rule 412), Plaintiff is free to renew its motion prior to the motion deadline or to raise an objection at trial.

Accordingly, it is **ORDERED** that the motion to suppress, ECF No. 22, is **DENIED without prejudice**.

      s/Thomas L. Ludington  
      THOMAS L. LUDINGTON  
      United States District Judge

Dated: May 17, 2019