**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                              Case No:  1:18-cr-20794

MICHAEL LEE JOHNSON,                Hon. Thomas L. Ludington

          Defendant.

_____/

## ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW AS COUNSEL, GRANTING DEFENDANT'S ORAL MOTION TO PROCEED PRO SE, AND APPOINTING STANDBY COUNSEL

On April 26, 2019, defense counsel Barry Wolf filed a motion to withdraw as counsel for Defendant, citing a breakdown in the attorney client relationship. ECF No. 33. Specifically, he indicates that he met with Defendant at the Clare County jail to discuss a potential Rule 11 plea agreement, and that Defendant became agitated during the meeting requiring security officers to intervene. The meeting was cut short. The Court held a hearing on Mr. Wolf's motion to withdraw on May 23, 2019, during which Defendant indicated that he was not capable of working with Mr. Wolf and that he believed Mr. Wolf to be conspiring against him with Plaintiff's counsel.

**I.**

A criminal defendant has the right to waive appointed counsel and proceed pro se. *Faretta v. California*, 422 U.S. 806 (1975). In order to proceed pro se, the defendant must knowingly and intelligently waive his or her right to counsel. *Id.* The judge must interrogate the defendant to be sure that he or she understands the disadvantages of self-representation; the

nature of the charge; the range of penalties; that the defendant will be proceeding alone in a complex area where experience and training are greatly to be desired; that an attorney might be aware of possible defenses to the charge; and that the judge believes it would be in the best interests of the defendant to be represented by an attorney. *Id.*

At the hearing, Defendant indicated he was familiar with the nature of the charges against him and the potential penalties. The Court explained to Defendant that his counsel is an expert on law and procedure and that he is not. The Court explained that proceeding without counsel is not advisable and cautioned him against doing so. Notwithstanding this explanation, Defendant indicated that he wishes to proceed pro se with the assistance of stand-by counsel. The Court determines that the waiver was knowing, intelligent, and voluntary.

The appointment of stand-by counsel to represent the defendant does not violate the defendant's Sixth Amendment right to proceed pro se, even if the appointment is made over defendant's objection. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Standby counsel cannot assume control of the defendant's case; the pro se defendant must be allowed to control the organization and content of his defense. *Id.* The defendant is to use the advice of standby counsel as he or she sees fit. *Id.* There is, however, no absolute bar on standby counsel's unsolicited participation of a pro se defendant's case before the jury. *Id.*

Standby counsel may properly assist the pro se defendant before the jury in completing tasks the defendant clearly wishes to complete, such as introducing evidence and objecting to testimony. *Id.* Standby counsel may also help ensure the defendant's compliance with the basic rules of courtroom protocol and procedure. *Id.* However, standby counsel's participation may not be so intrusive as to destroy the jury's perception that the defendant is representing himself. *Id.* Standby counsel is also permitted to participate in the presentation of the pro se defendant's case

outside the presence of a jury. *Id.* Standby counsels' job is to assist the defendant in procedural matters the defendant is unfamiliar with and to facilitate a speedy and efficient trial by avoiding the delay often associated with pro se representation. *Id.*

If a pro se defendant persists in refusing to obey the court's directions or in injecting extraneous or irrelevant matter into the record, the court may direct standby counsel to take over the representation of the defendant. *United States v. Dougherty*, 473 F.2d 1113 (D.C. Cir. 1972); *United States v. Dujanovic*, 486 F.2d 182 (9th Cir. 1973); *United States v. Anderson*, 577 F.2d 258 (5th Cir. 1978); *United States v. Brock*, 159 F.3d 1077 (7th Cir. 1998).

**II**.

Accordingly, it is **ORDERED** that defense counsel's motion to withdraw, ECF No. 37, is **GRANTED**, and Plaintiff's oral motion to proceed pro-se is **GRANTED**.

Standby counsel will be appointed in a separate order.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 23, 2019

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Michael Lee Johnson C/O Clare Co. Jail, 255 W. Main St., Harrison, MI 48625 by first class U.S. mail on May 23, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager