UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Case No. 18-cr-20794

v.                                    Honorable Thomas L. Ludington

MICHAEL LEE JOHNSON,

                Defendant.
_____/

**FINAL JURY INSTRUCTIONS**

- 1 -

I.  **GENERAL INSTRUCTIONS**

(1)  Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)  I will start by explaining your duties and the general rules that apply in every criminal case.

(3)  Then I will explain some rules that you must follow in evaluating particular testimony and evidence.

(4)  Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

(5)  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)  Please listen very carefully to everything I say.

(7)  I have given each of you a copy of these instructions for your use while deliberating. They are available to each of you. If you have questions about the law or your duties as jurors, you should consult the copy of the instructions as given to you.

**Duties of Judge and Jury**

(1)  You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)  Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions I am now providing. All the instructions are important, and you should consider them together as a whole.

(3)  The parties may talk about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

(4)  Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

(1)     As you know, the defendant has pleaded not guilty to the crimes charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2)     Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

**Penalty**

(1)     If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)     Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## II.   **EVALUATION OF THE EVIDENCE**

**Evidence**

(1)   You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)   The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the parties agreed to.

(3)   Nothing else is evidence. The parties' opening and closing statements are not evidence. Their arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4)   During the trial I did not let you hear the answers to some of the questions that the parties' asked. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)   Make your decision based only on the evidence, as I have defined it here, and nothing else.

(6)   You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Direct and Circumstantial Evidence**

(1)   Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)   Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)   Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Witnesses – Credibility

(1)     Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness' testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## Defendant's Testimony

(1)     You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2)     You should consider those same things in evaluating the defendant's testimony.

## Limited Consideration of Other Acts of Defendant

(1)     You have heard testimony by Rebecca Torres and Sarah Ramos that the defendant committed acts of strangulation, suffocation, and/or false imprisonment other than the ones charged in the indictment. If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim to rebut the defendant's testimony that the defendant had not engaged in any such acts before. You must not consider it for any other purpose, including as a substitute for proof of the charged criminal offenses.

(2)     Remember that the defendant is on trial here only for the charges contained in the indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

## Inferring Required Mental State

(1)     Next, I want to explain something about proving a defendant's state of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the

defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)     You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## Self-Representation

At one point, Defendant chose to waive his right to appointed counsel and to represent himself. A standby counsel was appointed with whom he could consult. A Defendant has a constitutional right to represent himself if he so chooses. Do not let the fact that Defendant represented himself at one point impact your decision in this case in any way.

## Defendant's Presence

(1)     At one point during the course of this trial, Michael Johnson was not present in the courtroom during the official proceedings. During testimony of additional witnesses, yelling could be heard coming from an area outside of the courtroom.

(2)     Mr. Johnson's absence and the yelling heard during testimony is not evidence and cannot be used for or against Mr. Johnson. These incidents should have no bearing on your verdict in this matter or be considered by you in any way.

## Police Testimony

You have heard testimony from witnesses who are law enforcement officers. That testimony is to be judged by the same standards you use to evaluate the testimony of any other witness.

## Opinion Testimony

(1)     You have heard the testimony of Holly Rosen and Renae Diegal. These witnesses have special knowledge or experience that allows them to give an opinion.

(2)     You do not have to accept any of these opinions.  In deciding how much weight to give their testimony, you should consider the witnesses' qualifications and how they reached their conclusions.  Also consider the other factors discussed in these instructions for weighing credibility of witnesses.

(3)     Remember that you alone decide how much of a witness's testimony to believe and how much weight it deserves.

**Number of Witnesses**

(1)     One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**Statements by Defendant**

You have heard evidence that defendant, Michael Johnson, made statements in which the government claims he admitted certain facts. It is for you to decide whether defendant made the statements, and if so, how much weight they deserve. In making these decisions, you should consider all of the evidence about the statements, including the circumstances under which the defendant allegedly made them.

**Presentation of Witnesses/Exhibits**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Parties' Objections**

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)     The parties on both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. Both sides have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)     Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**Conclusion to Evaluation of Evidence**

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2)     But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

## III.    SUBSTANTIVE INSTRUCTIONS

**Times Alleged**

I want to say a word about the date mentioned in the indictment. The indictment charges that the crimes happened on or about a certain date. The government does not have to prove that the crimes happened on a certain date. But the government must prove that the crimes happened reasonably close to the date specific in the indictment.

**Separate Consideration—Single Defendant Charged with Multiple Counts**

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

## Count 1: Unlawful imprisonment

(1)    Count 1 of the first superseding indictment charges defendant with the crime of unlawful imprisonment, on or about October 23, 2018. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

    (A)    First, the defendant knowingly restrained another person;

    (B)    Second, the defendant did so under one or more of the following circumstances:

        (a)    The restrained person was secretly confined, which means to keep the confinement or location of the restrained person a secret; and/or

        (b)    The person was restrained to facilitate the commission of another felony;

    (C)    Third, the unlawful imprisonment occurred in Indian Country;

    (D)    Fourth, that the defendant is a non-Indian; and

    (E)    Fifth, that the victim is an Indian.

**Explanation of Terms and Concepts**

(1)    The term "restrain" means to forcibly restrict a person's movements or to forcibly confine the person so as to interfere with that person's liberty without that

- 10 -

person's consent or without lawful authority. The restraint does not have to exist for any particular length of time and may be related or incidental to the commission of other criminal acts.

(2)    The term "secretly confined" means to keep the confinement or location of the restrained person a secret.

(3)    The term "Indian country" means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

(4)    The term "Indian" means:
    (A)    First, the person has some quantum of Indian blood, whether or not that blood is traceable to a member of a federally recognized tribe; and
    (B)    Second, the person was a member of, or affiliated with, a federally recognized tribe at the time of the offense.
        (a)    I instruct you that Saginaw Chippewa Indian Tribe is a federally recognized tribe.
        (b)    Whether the person was a member of, or affiliated with, a federally recognized tribe is determined by considering four factors, in declining order of importance, as follows:
            (i)    Enrollment in a federally recognized tribe;
            (ii)    Government recognition formally and informally through receipt of assistance reserved only to individuals who are members, or are eligible to become members, of federally recognized tribes;
            (iii)    Enjoyment of the benefits of affiliation with a federally recognized tribe; and
            (iv)    Social recognition as someone affiliated with a federally recognized tribe through residence on a reservation and participation in the social life of a federally recognized tribe.

(5)    The term "non-Indian" means a person who does not fall under the definition of "Indian."

(6)    The terms defined in count one should be applied the same way throughout all 13 counts of the jury instructions.

**Count 2: Assault of an Intimate or Dating Partner by Strangulation or Attempted Strangulation**

(1)      Count 2 of the first superseding indictment charges the defendant with assault of a dating or intimate partner by strangulation or attempted strangulation in violation of federal law, on or about October 24, 2018.

(2)      For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

      (A)      First, that the defendant assaulted the victim;

      (B)      Second, the victim is or was the defendant's dating or intimate partner;

      (C)      Third, the assault was committed by strangulation or attempted strangulation;

      (D)      Fourth, the assault took place in Indian country;

      (E)      Fifth, the defendant is a non-Indian; and

      (F)      Sixth, the victim is an Indian.

(3)      Self-defense instruction

      (A)      One of the questions in this case is whether the defendant acted in self-defense during the assault alleged in count 2.

      (B)      A person is entitled to defend himself against the immediate use of unlawful force. But the right to use force in self-defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.

      (C)      The government has the burden of proving that the defendant did not act in self-defense. For you to find the defendant guilty, the government must prove that it is not reasonable for him to think that the force he used was necessary to defend himself against an immediate threat. Unless the government proves this beyond a reasonable doubt, you must find him not guilty.

**Explanation of Terms and Concepts**

(1)      The term "assault" means a willful attempt to inflict injury upon the person of another, or a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

(2)    The term "strangling" means intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck regardless whether that conduct results in any visible injury or whether there is any intent to kill or protractedly injure the person.

(3)    The terms "dating or intimate partner" refer to a person who is or has been in a social relationship of a romantic or intimate nature with the abuser. The existence of such a relationship is based on consideration of the length of the relationship, the type of relationship, and the frequency of the interaction between the persons involved in the relationship.

(4)    The terms defined in count two should be applied the same way throughout all 13 counts of the jury instructions.

## Count 3: Assault of an Intimate or Dating Partner by Suffocation or Attempted Suffocation

(1)    Count 3 of the first superseding indictment charges Defendant with assault of a dating or intimate partner by suffocation or attempted suffocation in violation of federal law, on or about October 24, 2018.

(2)    For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

   (A)    First, that the defendant assaulted victim;

   (B)    Second, that the victim was the defendant's dating or intimate partner;

   (C)    Third, the assault was committed by suffocation or attempted suffocation;

   (D)    Fourth, the assault occurred in Indian Country;

   (E)    Fifth, the defendant is a non-Indian; and

   (F)    Sixth, the victim is an Indian.

(3)    Self-defense instruction

   (A)    One of the questions in this case is whether the defendant acted in self-defense during the assault alleged in count 3.

   (B)    A person is entitled to defend himself against the immediate use of unlawful force. But the right to use force in self-defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.

   (C)    The government has the burden of proving that the defendant did not act

- 13 -

in self-defense. For you to find the defendant guilty, the government must prove that it was not reasonable for him to think that the force he used was necessary to defend himself against an immediate threat. Unless the government proves this beyond a reasonable doubt, you must find him not guilty.

**Explanation of Terms and Concepts**

(1)     The term "suffocating" means intentionally, knowingly, or recklessly impeding the normal breathing of a person by covering the mouth of the person, the nose of the person, or both, regardless of whether that conduct results in any visible injury or whether there is any intent to kill or protractedly injure the victim.

## Count 4: Interstate domestic violence

(1)     Count 4 of the first superseding indictment charges the defendant with interstate domestic violence in violation of federal law, on or about October 24, 2018.

(2)     For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

(A)     First, that the defendant left Indian country;

(B)     Second, the defendant did so with the intent to injure or intimidate the victim;

(C)     Third, the victim was the defendant's intimate partner or dating partner;

(D)     Fourth, that in the course of or as a result of such travel, the defendant committed or attempted to commit a crime of violence against the victim.

## Count 5: Witness tampering, 18 U.S.C. § 1512(b)(3)

(1)     Count 5 of the first superseding indictment charges the defendant with witness tampering in violation of federal law, on or about October 23, 2018.

(2)     For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

(A)     First, the defendant knowingly used intimidation, threats, or corrupt persuasion against the victim, or attempted to do so; and

(B)     Second, the defendant did so with the intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of parole.

**Explanation of Terms and Concepts**

(1)    The term "corrupt" is defined as dishonest practices, bribery, depraved, wicked, or evil;

(2)    The term "persuasion" is defined as to prevail on a person to do something or not do something by advising or urging or to convince.

(3)    The terms defined in count five should be applied the same way throughout all 13 counts of the jury instructions.

## Count 6: Witness tampering, 18 U.S.C. § 1512(b)(3)

(1)    Count 6 of the first superseding indictment charges the defendant with witness tampering in violation of federal law, on or about October 24, 2018.

(2)    For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

    (A)    First, the defendant knowingly used intimidation, threats, or corrupt persuasion against the victim, or attempted to do so; and

    (B)    Second, the defendant did so with the intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of parole.

## Count 7: Witness tampering, 18 U.S.C. § 1512(b)(3)

(1)    Count 7 of the first superseding indictment charges the defendant with witness tampering in violation of federal law, on or about October 25, 2018.

(2)    For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

    (A)    First, the defendant knowingly used intimidation, threats, or corrupt persuasion against the victim, or attempted to do so; and

    (B)    Second, the defendant did so with the intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of parole.

**Count 8: Assault by striking, beating, or wounding**

      (1)     Count 8 of the first superseding indictment charges the defendant with assault by striking, beating or wounding in violation of federal law, on or about October 23, 2018.

      (2)     For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

          (A)     First, the defendant assaulted the victim by striking, beating, or wounding her;

          (B)     Second, the assault occurred within Indian country;

          (C)     Third, the defendant is a non-Indian; and

          (D)     Fourth, the victim is an Indian.

**Counts 9: Witness tampering, 18 U.S.C. § 1512(b)(1)**

      (1)     Count 9 of the first superseding indictment charges the defendant with witness tampering in violation of federal law, on or about November 7, 2018.

      (2)     For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

          (A)     First, the defendant knowingly used intimidation, threats, or corrupt persuasion against the victim, or attempted to do so; and

          (B)     Second, the defendant did so with the intent to influence and prevent the testimony of the victim at a federal grand jury.

**Count 10: Witness tampering, 18 U.S.C. § 1512(b)(1)**

      (1)     Count 10 of the first superseding indictment charges the defendant with witness tampering in violation of federal law, on or about November 8, 2018.

      (2)     For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

          (A)     First, the defendant knowingly used intimidation, threats, or corrupt persuasion against the victim, or attempted to do so; and

    (B)    Second, the defendant did so with the intent to influence and prevent the testimony of the victim at a federal grand jury.

## Count 11: Witness tampering, 18 U.S.C. § 1512(b)(1)

(1)    Count 11 of the first superseding indictment charges the defendant with witness tampering in violation of federal law, on or about November 9, 2018.

(2)    For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

    (A)    First, the defendant knowingly used intimidation, threats, or corrupt persuasion against the victim, or attempted to do so; and

    (B)    Second, the defendant did so with the intent to influence and prevent the testimony of the victim at a federal grand jury.

## Count 12: Witness tampering, 18 U.S.C. § 1512(b)(2)

(1)    Count 12 of the first superseding indictment charges the defendant with witness tampering in violation of federal law, on or about November 13, 2018.

(2)    For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

    (A)    First, the defendant knowingly used intimidation, threats, or corrupt persuasion against the victim, or attempted to do so; and

    (B)    Second, the defendant did so with the intent to cause and induce any person to withhold testimony from a federal grand jury, to evade legal process summoning that person to appear as a witness at a federal grand jury, or to be absent from a federal grand jury to which such person has been summoned by legal process.

## Count 13: Witness tampering, 18 U.S.C. § 1512(b)(2)

(1)    Count 13 of the first superseding indictment charges the defendant with witness tampering in violation of federal law, on or about November 25, 2018.

(2)    For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

    (A)    First, the defendant knowingly used intimidation, threats, or corrupt persuasion against the victim, or attempted to do so; and

(B)     Second, the defendant did so with the intent to cause and induce any person to withhold testimony from a federal grand jury, to evade legal process summoning that person to appear as a witness at a federal grand jury, or to be absent from a federal grand jury.

**Closing Arguments**

(1)     Shortly, we will hear the closing arguments of the attorneys. Please pay attention to the arguments, but remember that the closing arguments are not evidence but are only intended to assist you in understanding the evidence and the theory of each party. You must base your decision only on the evidence.

(2)     Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

IV.     **DELIBERATIONS AND CONCLUDING INSTRUCTIONS**

**Deliberations and Verdict**

(1)     Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

**Communications with the Court**

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

**Reaching Your Decision**

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**Communications About Deliberations**

(1)     Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your

- 19 -

vote happens to be. That should stay secret until you are finished.

(2)     During your deliberations, you must not communicate with or provide information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, or computer; or any Internet service; or any text or instant messaging service; or website to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3)     You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## Decision Based Only on Evidence

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

(2)     For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3)     Make your decision based only on the evidence that you saw and heard here in court.

## Notes of Trial

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of

the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your opinion as to the facts of the case.

**Exhibits**

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you. If you wish to listen to any of the audio recordings admitted into evidence, send me a message and I will arrange for those recordings to be played for you.

**Transcripts of Testimony**

As I told you at the start of trial, a written transcript of the testimony does not currently exist. Excerpts of the trial testimony will not be read to you nor made available to you during your deliberations absent exceptional circumstances.

**Unanimous Verdict Required**

(1)     Your verdict, whether it is guilty of the charged offense or not guilty, must be unanimous.

(2)     To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

(3)     To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, guilty or not guilty, your verdict must be unanimous.

**Verdict Form**

    (1)    Each of you has been furnished with a copy of the verdict form to aid you in your deliberations. However, when you reach your decision, your foreperson should complete only the official verdict form. The official verdict form will be presented to you in a brown folder by the bailiff along with the exhibits admitted during the course of the trial.

    (2)    If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the official form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**Verdict Limited to Charge Against This Defendant**

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

**Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                 Case No. 18-cr-20794

v.                                          Honorable Thomas L. Ludington

MICHAEL LEE JOHNSON,

                    Defendant.

_____/

**<u>Verdict Form</u>**

We, the jury, unanimously find the following:

**Count 1**

With respect to the charge in count one of the superseding indictment, unlawful imprisonment, we the jury find the defendant, Michael Lee Johnson:

        Not Guilty _____           Guilty _____

**Count 2**

With respect to the charge in count two of the superseding indictment, assault of an intimate or dating partner by strangulation or attempted strangulation, we the jury find the defendant, Michael Lee Johnson:

        Not Guilty _____           Guilty _____

**Count 3**

With respect to the charge in count three of the superseding indictment, assault of an intimate or dating partner by suffocation or attempted suffocation, we the jury find the defendant, Michael Lee Johnson:

        Not Guilty _____           Guilty _____

**Count 4**

With respect to the charge in count four of the superseding indictment, interstate domestic violence, we the jury find the defendant, Michael Lee Johnson:

      Not Guilty _____          Guilty _____

**Count 5**

With respect to the charge in count five of the superseding indictment, witness tampering, we the jury find the defendant, Michael Lee Johnson:

      Not Guilty _____          Guilty _____

**Count 6**

With respect to the charge in count six of the superseding indictment, witness tampering, we the jury find the defendant, Michael Lee Johnson:

      Not Guilty _____          Guilty _____

**Count 7**

With respect to the charge in count seven of the superseding indictment, witness tampering, we the jury find the defendant, Michael Lee Johnson:

      Not Guilty _____          Guilty _____

**Count 8**

With respect to the charge in count eight of the superseding indictment, assault by striking, beating, or wounding, we the jury find the defendant, Michael Lee Johnson:

      Not Guilty _____          Guilty _____

**Count 9**

With respect to the charge in count nine of the superseding indictment, witness tampering, we the jury find the defendant, Michael Lee Johnson:

      Not Guilty _____          Guilty _____

**Count 10**

With respect to the charge in count ten of the superseding indictment, witness tampering, we the jury find the defendant, Michael Lee Johnson:

Not Guilty _____          Guilty _____

**Count 11**

With respect to the charge in count eleven of the superseding indictment, witness tampering, we the jury find the defendant, Michael Lee Johnson:

Not Guilty _____          Guilty _____

**Count 12**

With respect to the charge in count twelve of the superseding indictment, witness tampering, we the jury find the defendant, Michael Lee Johnson:

Not Guilty _____          Guilty _____

**Count 13**

With respect to the charge in count thirteen of the superseding indictment, witness tampering, we the jury find the defendant, Michael Lee Johnson:

Not Guilty _____          Guilty _____

_____
Foreperson (print name)

_____
Signature