UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           Case No. 18-20794

v                                       Honorable Thomas L. Ludington

MICHAEL LEE JOHNSON,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT; TO QUASH INDICTMENT, AND TO SUPPRESS EVIDENCE**

On January 9, 2019, Defendant, Michael Johnson, was indicted for unlawful imprisonment, assault, interstate domestic violence, and witness tampering. ECF No. 9. On May 31, 2019, Alan Crawford filed an appearance as Defendant's standby counsel. ECF No. 41. As a result, Defendant wrote the motions himself, but Mr. Crawford typed and filed the motions on his behalf.

On August 9, 2019, Defendant filed a "motion for summary judgment; motion to quash indictment" (ECF No. 58) and a "motion to suppress evidence illegally obtained" (ECF No. 59). Plaintiff responded to both motions on August 15 and 16 and filed a supplemental brief on August 19. ECF Nos. 63-65. Oral arguments for both motions were heard before trial. Both motions will be denied for the reasons stated on the record as supplemented by this opinion and order.

**I.**

Defendant's motion for summary judgment and motion to quash indictment will be addressed as a motion to quash indictment. Defendant was indicted for numerous crimes and there is no companion civil case. Therefore, the motion for summary judgment is inapplicable to the case at hand. In his motion, Defendant alleges that the victim's testimony is not credible and that the US Attorney's Office has prevented evidence from being obtained by "witness tampering,

extortion, kidnapping, [and] perjury." ECF No. 58 at PageID.321. Defendant seeks one million dollars in damages, asks for the thirteen felony charges to be dismissed, and to have three state parole violations removed. *Id.* at 321-322.

The credibility of a witness is to be decided by a jury at trial. Plaintiff called the victim as a witness and Defendant had an opportunity to cross-examine her. Additionally, Defendant provides no factual allegations and cites no case law, statutes, or rules explaining why the indictment should be quashed because of questions about the victim's credibility or government wrongdoing. Defendant's motion to quash the indictment will be denied.

**II.**

Also on August 9, 2019, Defendant filed a motion to suppress Facebook Messenger messages because the victim conducted an unlawful search of his private account. ECF No. 59. He also sought to suppress any related evidence that is fruit of the poisonous tree. *Id.* Defendant asserts the victim "did knowingly, willfully and with criminal intent log into Michael Johnson's person [sic] Facebook account/messenger account with intent to destroy evidence, namely dialogue between Michael and [victim], as well as retrieve, dialogue between Michael Johnson and several family members and friends." *Id.* at PageId.328.

In a motion to suppress Defendant has the burden of proving "a violation of some constitutional or statutory right justifying suppression." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003). In general, warrantless searches and seizures presumptively violate the Fourth Amendment. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. U.S. Const. amend IV.

However, the protection of the Fourth Amendment only extends to searches by government agents, not private citizens. *United States v. Jacobsen*, 466 U.S. 109, 113–14 (1984). In this case, the victim was not acting at the behest of law enforcement when she logged onto Defendant's Facebook account and accessed his private messages. She was acting of her own accord. Defendant has no Fourth Amendment claim against victim for her actions. And, it is noteworthy, that she testified during trial that she had the ability to log onto the Defendant's account because he had provided her with the credentials to do so. Therefore, Defendant's motion to suppress the Facebook messages will be denied.

**III.**

Accordingly, it is **ORDERED** that motion for summary judgment; motion to quash indictment" (ECF No. 58) is **DENIED**.

It is further **ORDERED** that Defendant's motion to suppress (ECF No. 59) is **DENIED**.

Dated: October 1, 2019                                       s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Michael Lee Johnson, Clare County Jail, 255 W. Main Street, Harrison, MI 48625 by first class U.S. mail on October 1, 2019.

                              s/Suzanne Gammon
                              SUZANNE GAMMON