UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                         Criminal Case No. 18-20794

v.                                            Honorable Linda V. Parker
                                                United States District Court Judge

MICHAEL LEE JOHNSON,

       Defendant.
_____/

## SECOND ORDER FOR COMMITMENT AND COMPETENCY EVALUATION

This matter is on remand from the Sixth Circuit Court of Appeals after the appellate court reversed Defendant's convictions for unlawful imprisonment, assault of a domestic partner by strangulation and suffocation, interstate domestic violence, witness tampering, and assault, in violation of 18 U.S.C. §§ 13, 113(a)(8), 113(a)(4), 2261(a), and 1512(b). Defendant represented himself at trial but on remand requested court appointed counsel. The Court appointed the Federal Community Defender to represent Defendant and Chief Federal Defender Michael Carter and Assistant Federal Defender James R. Gerometta entered their appearances on May 19, 2022.

Mr. Carter and Mr. Gerometta subsequently moved to withdraw as counsel when Defendant expressed his desire to proceed pro se. The Court scheduled a hearing on counsel's motion for July 20, 2022. At the hearing, the Court attempted

to advise Defendant of the dangers and disadvantages of proceeding pro se and to ascertain whether Defendant was knowingly and voluntarily choosing to represent himself, in accordance with *Faretta v. California*, 422 U.S. 806 (1975).  The Court also attempted to ask Defendant the series of questions that the Sixth Circuit has advised should be asked of every defendant seeking to represent him or herself. *United States v. McBride*, 362 F.3d 360, 366 (6th Cir. 2004).  In response, Defendant was uncooperative, and his behavior and responses raised concerns regarding his competency.

      The Government, therefore, made an oral motion for a competency evaluation.  Defendant did not oppose the motion and, in fact, indicated his joinder in it.  To expedite the proceedings, the parties agreed that Defendant would first be evaluated by an agreed upon psychiatrist but if that psychiatrist found Defendant not competent, further review would be conducted through the Bureau of Prisons ("BOP").

      Based upon the motion and the Court's observations of Defendant in court, it found reasonable cause to believe that Defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense."  18 U.S.C. § 4241.  The Court therefore granted the Government's oral motion and, on July 28, 2022, entered an order

appointing Daniel Martin Mayman, M.D. to examine Defendant and prepare a report. (ECF No. 129.) The Court scheduled a competency hearing for August 11. (*Id.*)

Dr. Mayman interviewed Defendant on August 3 and 5, although Defendant unilaterally ended the interview on the second date. In an August 8 letter, Dr. Mayman reported his findings. Dr. Mayman did not reach a final conclusion regarding Defendant's competency but has some concerns whether Defendant rationally understands the nature and consequences of the proceedings against him and whether he is able to assist properly in his defense.

Based on Dr. Mayman's findings, as well as Defendant's behavior at the August 11 proceedings, the Court concludes that reasonable cause remains to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial and/or able to properly assist in his defense.

Accordingly, pursuant to 18 U.S.C. §§ 4241-4247, it is hereby ordered that:

(1) A psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of Defendant. *Id.* at §§ 4241(a),(b), 4247(b);

(2) Defendant shall be committed to the custody of the Attorney General for such psychiatric or psychological examination for a period not to exceed 30 days, *see id.* § 4247(b); however, the Government may apply for a reasonable extension not to exceed 15 days, *see id*.

(3) The Attorney General, through the Bureau of Prisons, will inform

the Assistant U.S. Attorney once Defendant has been designated to a suitable facility, in order to arrange for Defendant's transportation to and from such facility;

(4) The examining psychiatrist or psychologist shall prepare, as soon as practical, a written report that includes (1) Defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §§ 4241(b), 4247(c);

(5) The examiner shall promptly file the written report with this Court and provide copies of the report to defense counsel and the Assistant U.S. Attorney, *see id.* § 4247(c). The examining psychiatrist or psychologist produce to defense counsel and the Assistant U.S. Attorney copies of all records and documents that were reviewed, created, or relied upon in forming the basis of the opinion regarding Defendant's mental condition; and

(6) The period beginning with the Government's oral motion and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which will take place at a date and time set by the Court, after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A) and (F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on Defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to § 3161(h)(1)(H).

**IT IS SO ORDERED.**

                                                   s/ Linda V. Parker
                                                   LINDA V. PARKER
                                                   U.S. DISTRICT JUDGE

Dated: August 15, 2022