UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                    Criminal Case No. 18-20794
                                    Honorable Linda V. Parker

MICHAEL LEE JOHNSON,

        Defendant.
_____/

## OPINION AND ORDER FINDING DEFENDANT NOT COMPETENT TO STAND TRIAL AND COMMITTING DEFENDANT FOR TREATMENT PURSUANT TO 18 U.S.C. § 4241(d) AND EXCLUDING TIME PURSUANT TO THE SPEEDY TRIAL ACT, 18 U.S.C. § 3161(h)

This matter is on remand from the Sixth Circuit Court of Appeals after the appellate court reversed Defendant Michael Lee Johnson's convictions due to an incomplete hearing to assess the voluntariness of Mr. Johnson's waiver of counsel pursuant to *Faretta v. California*, 422 U.S. 806 (1975). It is presently before the Court to address Mr. Johnson's mental competency to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Based on Mr. Johnson's conduct in this Court following the remand, the Government moved for a competency evaluation. Mr. Johnson did not oppose the motion and, in fact, indicated his joinder in it. To expedite the proceedings, the

parties agreed that Mr. Johnson would first be evaluated by an agreed upon psychiatrist but if that psychiatrist found Mr. Johnson not competent, further review would be conducted through the Bureau of Prisons ("BOP").

The Court found reasonable cause to believe that Mr. Johnson "may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense." 18 U.S.C. § 4241. The Court therefore granted the Government's motion and, on July 28, 2022, entered an order appointing Daniel Martin Mayman, M.D. to examine Mr. Johnson and prepare a report. The Court scheduled a competency hearing for August 11.

After interviewing Mr. Johnson—although on the second date they met Mr. Johnson unilaterally ended the interview—Dr. Mayman reported his findings. Dr. Mayman did not reach a final conclusion regarding Mr. Johnson's competency but expressed concern as to whether Mr. Johnson understood the nature and consequences of the proceedings against him and was able to assist properly in his defense.

Based on Dr. Mayman's findings, as well as Mr. Johnson's behavior at the August 11 proceedings, the Court found reasonable cause to believe that Mr. Johnson was suffering from a mental disease or defect rendering him mentally

incompetent to stand trial and/or able to properly assist in his defense. Therefore, in accordance with 18 U.S.C. §§ 4241-4247, the Court ordered a mental examination by a psychologist or psychiatrist employed by the United States.

Cynthia A. Low, Ph.D. subsequently evaluated Mr. Johnson and issued a report in which she concluded that he had an average ability to understand the nature and consequences of the proceedings against him, and an average ability to properly assist counsel in his defense. Although noting Mr. Johnson's outbursts in the courtroom and his conspiratorial theories, which included his belief that defense counsel was aiding the Government in its prosecution, Dr. Low found Mr. Johnson's actions to be "completely volitional." The Court subsequently conducted a competency hearing on January 10, 2023, at which Mr. Johnson was found competent.

After that hearing, however, Mr. Johnson demonstrated an inability to cooperate with his counsel and moved to have counsel withdrawn. Based on Mr. Johnson's interactions with his counsel and his behavior before the Court, the Government and defense counsel agreed to have Mr. Johnson undergo further mental evaluation by a psychologist or psychiatrist chosen by defense counsel. That evaluation was performed by Atara Abramsky, Ph.D.

Dr. Abramsky found that Mr. Johnson fared very well in his understanding of the legal system but lacked the competency to assist in his defense. Dr.

Abramsky concluded that Mr. Johnson does not have the ability to function in the legal process through consulting with counsel in preparation of the defense, cannot rationally discuss his case or form legal strategies, and cannot conform his behavior to meet the basic requirement of courtroom etiquette. In Dr. Abramsky's opinion, Mr. Johnson will need to be medicated to be capable of doing these things.

The Court held yet another competency hearing on April 25, 2023, at which time the parties stipulated to the admissibility of Dr. Abramsky's report. Based on the report, as well as Mr. Johnson's exceptionally disruptive and irrational behavior during the hearing, the Court found by a preponderance of the evidence that he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in the defense of this case, including behaving in a manner in the courtroom that would enable a trial to proceed. Subsequent to the hearing, however, the Court decided to reopen the proceedings to provide Mr. Johnson the opportunity to calm down and offer testimony in support of his assertion that he is competent to stand trial.[1]

The Court scheduled a continuation of the hearing for May 17. Due to the breakdown in the relationship between Mr. Johnson and his appointed attorneys,

---

[1] Mr. Johnson became so verbally and physically uncontrolled during the April 25 proceedings that he needed to be physically removed from the courtroom by several U.S. Marshal deputies.

4

Michael Carter and James Gerometta from the Federal Community Defender, the Court appointed new counsel, Alvin S. Sallen, to represent Mr. Johnson.[2] Attorney Sallen appeared with Mr. Johnson at the May 17 hearing.

At the hearing, Mr. Johnson was cooperative and responsive, and promised to cooperate with Attorney Sallen and the Court and not interfere with the proceedings. Under oath, he responded to Attorney Sallen's questions and his answers reflected an understanding of the charges against him and a willingness to work with and allow Attorney Sallen to present a defense at trial. Nevertheless, based on the reports from Drs. Mayman and Abramsky and the record, the Court continues to find that Mr. Johnson lacks the capacity for the proceedings to go forward smoothly and without disruption. This record includes Mr. Johnson's behavior in the courtroom of the undersigned, as well as the district judge previously assigned to the matter. And while Dr. Low concluded that Mr. Johnson is competent, she noted his outbursts in the courtroom and conspiratorial theories, which included his belief that defense counsel is aiding the Government in its prosecution. Although Dr. Low found Mr. Johnson's actions to be "completely volitional"—a conclusion of which the Court remains unsure—there is no doubt

---

[2] The Court is therefore now terminating Mr. Carter and Mr. Gerometta's representation of Mr. Johnson.

that those outbursts and beliefs would hinder a trial and Mr. Johnson's ability to assist his counsel.

Accordingly, pursuant to 18 U.S.C. § 4241(d),

**IT IS ORDERED** that Mr. Johnson shall be committed to the custody of the Attorney General for a reasonable period, not to exceed four months, to (a) determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward, and (b) provide treatment to restore competency, if possible.

**IT IS FURTHER ORDERED** that within the period of time authorized by this Order, or such additional reasonable period of time approved by the Court pursuant to 18 U.S.C. § 4241(d)(2), the Attorney General must advise the Court whether Mr. Johnson's mental condition has so improved that trial may proceed. On receipt of that report, Mr. Johnson must be returned to this Court for a status conference and further determination as to his competency at that time.

**IT IS FURTHER ORDERED** that the United States Marshal's Service must promptly and expeditiously transfer Mr. Johnson to a suitable facility, to be determined by the Attorney General, and that the United States Marshal's Service must do this as quickly as reasonably possible to minimize Mr. Johnson's travel time to and from the facility where such treatment will be conducted and the period of confinement in that facility.

**IT IS FURTHER ORDERED** that, pursuant to the Speedy Trial Act, the time period from the competency hearing on January 10, 2023 until the date of this Opinion and Order is excludable delay under 18 U.S.C. §§ 3161(h)(1)(D), (H), and the period from the filing of this Opinion and Order up to and including the date on which a final decision is made regarding Mr. Johnson's competency to proceed to trial is excludable delay under 18 U.S.C. §§ 3161(h)(1)(A), (F), (H).

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 17, 2023