UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Criminal Case No. 18-20794
v.                                   Honorable Linda V. Parker

MICHAEL LEE JOHNSON,

        Defendant.
_____/

## **ORDER STRIKING DEFENDANT'S PRO SE MOTIONS**

This matter is on remand from the Sixth Circuit Court of Appeals after the appellate court reversed Defendant Michael Lee Johnson's convictions due to an incomplete hearing to assess the voluntariness of Mr. Johnson's waiver of counsel pursuant to *Faretta v. California*, 422 U.S. 806 (1975). *See United States v. Johnson*, 24 F.4th 590 (6th Cir. 2022). Since the Sixth Circuit's mandate on March 25, 2022, Mr. Johnson has been represented by counsel, moved to have counsel withdrawn and to proceed pro se, moved again for counsel, and again to move for counsel to be withdrawn. Based on Mr. Johnson's conduct before this Court following the remand, a question of his competency was raised, this Court found him incompetent to stand trial, and most recently, the Court committed him for treatment pursuant to 18 U.S.C. § 4241(d).

Throughout all of this, Mr. Johnson has filed numerous pro se motions while represented by counsel. (ECF Nos. 145, 146, 147, 151, 159, 163.) Because Mr. Johnson was represented by counsel when the motions were filed, and because the Court has found him incompetent, it is striking his motions.

It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in his proceedings. *See Faretta*, 422 U.S. at 807. However, a criminal defendant does not have a right to hybrid representation. *See United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987); *United States v. Curry*, No. 13-20887, 2015 WL 4425926, at *2-3 (E.D. Mich. July 17, 2015). "A court's discretion to reject hybrid representation may apply to the filing of motions." *Curry*, 2015 WL 4425926, at *2 (citing *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994)).

The Sixth Circuit has explained:

> The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

2

*Mosely*, 810 F.2d at 97 (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)).  Courts within the Eastern District of Michigan have applied this analysis to a defendant's filing of pro se motions.  *See, e.g., United States v. Porter*, No. 19-20115, 2021 WL 1750115, at *1 (E.D. Mich. May 4, 2021); *Curry*, 2015 WL 4425926, at *2; *United States v. Darwich*, No. 09-cr-20280, 2010 WL 4822891 (E.D. Mich. Nov. 22, 2010); *United States v. Degroat*, No. 97-cr-20004-dt-1, 2009 WL 891699 (E.D. Mich. Mar. 31, 2009).

Accordingly, this Court is **STRIKING** Defendant's pro se motions (ECF Nos. 145, 146, 147, 151, 159, 163).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 1, 2023

3