UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 18-cr-20794
                                    Honorable Linda V. Parker

MICHAEL JOHNSON,

    Defendant.
_____/

**OPINION AND ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO EXCLUDE EVIDENCE (ECF NO. 178)**

    This matter is scheduled for retrial on the following charges against Defendant Michael Johnson: unlawful imprisonment, assault of a domestic partner by strangulation and suffocation, interstate domestic violence, witness tampering, and assault, in violation of 18 U.S.C. §§ 13, 113(a)(8), 113(a)(4), 2261(a), and 1512(b).  The Government has filed a motion to suppress certain evidence pursuant to Federal Rule of Evidence 608.  (ECF No. 178.)  Specifically, the Government seeks to preclude Mr. Johnson from questioning the victim in this case, C.J., about prior allegations of sexual assault that she made against a different individual, F.T., allegations which Mr. Johnson contends were false.  Mr. Johnson opposes the motion.  (ECF No. 185.)

## Background

C.J.'s allegations against F.T. involved an incident in March 2011. C.J. reported being sexually assaulted by F.T. Federal charges were brought against C.J., but were subsequently dismissed after F.T.'s death on February 7, 2013.

At Mr. Johnson's first trial in the present matter before the Honorable Thomas L. Ludington, Judge Ludington ruled that Mr. Johnson could ask C.J. if her allegations against F.T. were false. (*See* ECF No. 52 at PageID. 246-47.) Judge Ludington reasoned that C.J. might testify that her allegations were truthful, but it was possible she also might admit they were false. (*Id.* at PageID. 247.) As such, Judge Ludington found the inquiry permissible under Federal Rule of Evidence 608(b) to attack C.J.'s truthfulness. Judge Ludington ruled, however, that Mr. Johnson could not offer extrinsic evidence to show that C.J.'s allegations were false. (*Id.* at PageID. 246-47.)

## Applicable Law & Analysis

Under Rule 608, a witness's credibility may be attacked by evidence of the witness's untruthfulness. Fed. R. Evid. 608(a). The rule provides, however, that "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "But the court may, on cross-examination, allow [specific instances of conduct] to be

2

inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." *Id.* Nevertheless, "[i]n inquiring about the witness's conduct, the questioner must take the answer[s] provided by the witness and cannot use 'extrinsic evidence to prove that the specific bad acts occurred.'" *United States v. Grandison*, 781 F.3d 987, 992 (8th Cir. 2015) (quoting *United States v. Martz*, 964 F.2d 787, 789 (8th Cir. 1992)); *see also United States v. Beauchamp*, 986 F.2d 1, 3-4 (1st Cir. 1993). This rule prevents "mini-trials on peripherally related or irrelevant matters." *Martz*, 964 F.2d at 789 (citing *Carter v. Hewitt*, 617 F.2d 961, 971 (3d Cir. 1980)); *United States v. Velarde*, 485 F.3d 553, 561 (10th Cir. 2007) (citing *Ellsworth v. Warden*, 333 F.3d 1, 8 (1st Cir. 2003) (en banc) ("The theory, simply enough, is that evidence about lies not directly relevant to the episode at hand could carry courts into an endless parade of distracting, time-consuming inquiries.")).

Some courts have held that the proponent of prior bad act conduct must offer a good faith basis for the act before being allowed to use it. *See, e.g., United States v. Mack*, 868 F. Supp. 207, 210 (E.D. Mich. 1994) (citing *United States v. Williams*, 986 F.2d 86, 89 (4th Cir. 1993), *cert. denied*, 509 U.S. 911 (1993)); *United States v. A.S.*, 939 F.3d 1063, 1076 (10th Cir. 2019) (citing *Velarde*, 485 F.3d at 562-63) (internal quotation marks omitted) (explaining that courts have permitted the

3

introduction of highly probative exculpatory extrinsic evidence "but only when the prior accusations were demonstrably false"); *Hughes v. Raines*, 641 F.2d 790, 792 (9th Cir. 1981); *Martin v. White*, No. 1;16-cv-00177, 2019 WL 8324490, at *4 (W.D. Ky. Sept. 27, 2019) (citing *Michigan v. Lucas*, 500 U.S. 145, 150 (1991)) (rejecting habeas petitioner's claim that the state court unreasonably precluded the petitioner from questioning victim about her prior allegations of sexual assault against another individual, which the petitioner claimed were false, as state law required the proponent of such evidence to prove a prior allegation demonstrably false before its admission and such rules serve to balance protecting victims of sex crimes against "surprise, harassment, and unnecessary invasions of privacy" and the defendant's constitutional rights); *see also People v. Adamski*, 497 N.W.2d 546, 142 (Mich. Ct. App. 1993) (finding that the trial court properly excluded inquiry into two alleged false accusations of rape by the complainant where "[n]o showing of falsity was made").  Moreover, the court may exclude prior bad act evidence under Federal Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  *See, e.g., United States v. Stout*, 509 F.3d 796, 799, 801 (6th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

There is no basis from which to conclude—or even suspect—that C.J.'s accusations against F.T. were false. The Government addresses in its motion some of the assertions Mr. Johnson has made elsewhere to attack the veracity of C.J.'s allegations. For example, the dismissal of the charges against F.T. are not evidence that C.J.'s charges were false, as they were dismissed only due to F.T.'s death. In his response brief, Mr. Johnson offers nothing more to suggest that he has a good faith basis for believing they are false.

At Mr. Johnson's first trial, there may have been some justification for allowing limited questioning about C.J.'s accusations against F.T. However, under oath, C.J. testified that she never reported untrue allegations against F.T. There is no probative value, therefore, in allowing any inquiry on this subject at Mr. Johnson's second trial. On the other hand, raising this periphery material is likely to confuse the jury, cause speculation, and unduly harass the victim.

For these reasons, the Court **GRANTS** the Government's motion to exclude from evidence C.J.'s prior sexual assault allegations against F.T.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 18, 2024