UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                               Case No. 18-cr-20794

v.                                Honorable Linda V. Parker

MICHAEL JOHNSON,

      Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE HIS PRIOR TESTIMONY AT TRIAL

This matter is scheduled for retrial on the following charges against Defendant Michael Johnson: unlawful imprisonment, assault of a domestic partner by strangulation and suffocation, interstate domestic violence, witness tampering, and assault, in violation of 18 U.S.C. §§ 13, 113(a)(8), 113(a)(4), 2261(a), and 1512(b).  Mr. Johnson testified at his first trial.  He now moves to preclude the Government from introducing that testimony at his retrial.  The Government opposes Mr. Johnson's request.  For the reasons that follow, the Court grants Mr. Johnson's motion.

**Background**

Mr. Johnson was indicted on November 18, 2018.  The Federal Community Defender Office ("FDO") was appointed to represent Mr. Johnson about a month

later.  Less than two months later, Mr. Johnson sent a letter a letter to his counsel, asking that counsel withdraw because of his "overfamiliarization" with the Assistant United States Attorney ("AUSA").  Counsel's subsequent motion to the court to withdraw was granted on March 12, 2019, and an order was issued to appoint new counsel.

Mr. Johnson's second attorney met with Mr. Johnson on March 21, 2019. When they met a second time a few weeks later, Mr. Johnson became angry, began screaming, and accused counsel of working with the AUSA.  Mr. Johnson then submitted a pro se motion, requesting that his second attorney be removed.

This second attorney made another attempt to confer with Mr. Johnson on April 25, 2019; however, Mr. Johnson became enraged and physically agitated and had to be restrained by several correction officers.  Mr. Johnson declined to discuss trial strategy and screamed that he would not work with the attorney.  Citing a total breakdown of the attorney-client relationship, counsel moved to withdraw.  Mr. Johnson filed a pro se motion, making the same request.  The court granted the motion and issued a separate order appointing the FDO for pretrial consultation and as second chair at trial.

At the subsequent pretrial conference, the court asked Mr. Johnson how he wished to handle his defense.  Mr. Johnson indicated that he wanted to represent himself.  The court then asked Mr. Johnson a series of questions which, as the

Sixth Circuit Court of Appeals later determined, were insufficient to show that he knowingly and voluntarily waived his Sixth Amendment right to counsel. The court felt otherwise, concluding that Mr. Johnson knowingly and voluntarily waived his right to counsel, but appointed stand-by counsel to assist Mr. Johnson during trial. The trial proceeded, with Mr. Johnson representing himself, at least initially.

During voir dire, Mr. Johnson inquired about witnesses he intended to call to testify and whether they had been subpoenaed. The court inquired as to whether standby counsel had subpoenaed the witnesses, and counsel responded that he had not. As the Sixth Court found, standby counsel explained that he had received many letters from Mr. Johnson and had not had time to review them all.

The trial continued with Mr. Johnson representing himself. However, after the mid-day break on the second day of trial, in the middle of his cross-examination of the victim, Mr. Johnson abruptly told the court that standby counsel would be taking over. When the court indicated that it would not allow a "tag team" approach, Mr. Johnson agreed to allow standby counsel to represent him for the remainder of the trial.

After the Government rested the following day, standby counsel indicated that Mr. Johnson would be taking the stand. The court noted that Mr. Johnson had a constitutional right to testify at trial, but warned him that the Government would

cross examine him.  The court advised Mr. Johnson that if he chose not to testify, the court would instruct the jurors that they could not hold that against him.  Mr. Johnson assured the court that he wished to take the stand, and he did so.

At the conclusion of the trial, the jury convicted Mr. Johnson on all counts. The court then sentenced Mr. Johnson.  On appeal, the Sixth Circuit reversed Mr. Johnson's convictions and sentence, concluding *inter alia* that the court had not engaged in an adequate colloquy to assure that Mr. Johnson's waiver of his right to counsel was knowing and voluntary.  Although noting that Mr. Johnson's second attorney was present during the hearing when the colloquy took place, the Sixth Circuit found that this attorney was not acting as Mr. Johnson's counsel at the time and had moved to withdraw.  The Sixth Circuit therefore concluded that Mr. Johnson's Sixth Amendment right to counsel had been violated.

On remand, the case was assigned to the undersigned and, as indicated, is ready for trial.  The Government has indicated that it intends to offer Mr. Johnson's testimony from the first trial as substantive evidence.

## Applicable Law and Analysis

As a general rule, "a defendant's testimony at a former trial is admissible in evidence against him in later proceedings." *Harrison v. United States*, 392 U.S. 219, 222 (1968) (footnote and citations omitted); *see also Salinas v. Hart*, No. 19-

6236, 2020 WL 6364554, at *3 (6th Cir. Sept. 15, 2020) (citing *Harrison*, 392 U.S. at 222).  The Supreme Court explained in *Harrison*:

> A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the stand in the first place only by reason of the strength of the lawful evidence adduced against him.

392 U.S. at 222.  The Supreme Court nevertheless found that, in the case before it, it had been improper to use the petitioner's prior testimony against him because the government failed to show that the earlier testimony had not been impelled by the prosecution's introduction of three illegally obtained confessions by the petitioner. *Id.* at 222-25.

"The question[,]" the *Harrison* Court indicated, "is not whether the petitioner made a knowing decision to testify, but why."  *Id.* at 223.  The Court continued:  "If he did so in order to overcome the impact of confessions illegally obtained and hence improperly introduced, then his testimony was tainted by the same illegality that rendered the confessions themselves inadmissible."  *Id.* at 223. The Court placed the burden on the prosecution to show that its illegal conduct did not induce the petitioner's testimony if it wanted to subsequently use the testimony. *Id.* at 225 ("Having 'released the spring' by using the petitioner's unlawfully obtained confessions against him, the Government must show that its illegal action did not induce his testimony.").

The Sixth Circuit considered this "fruit of the poisonous tree" exception to the general rule that previous testimony of a defendant is admissible at a retrial in *Gardner v. Foltz*, No. 87-1821, 1988 WL 96580 (6th Cir. Sept. 16, 1988).  In *Gardner*, the petitioner moved for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that the trial court improperly allowed his prior trial testimony at his retrial.  *Id.* at *1.  The Michigan Court of Appeals had reversed the petitioner's conviction following his first trial, concluding that trial counsel's dual representation of the petitioner and his co-defendant deprived the petitioner of his Sixth Amendment right to the effective assistance of counsel.  *Id.*

The Sixth Circuit acknowledged the general rule that a defendant's testimony is admissible in later related proceedings.  *Id.* at *2.  "However," the court explained, "where the defendant's testimony at the first trial was improperly induced *as a result of a defect of reversible proportion*, that testimony may be inadmissible at a subsequent trial."  *Id.* (emphasis added).  The court further explained that "it is not a question of whether the defendant testified but, rather, what prompted him to testify."  *Id.*  The Sixth Circuit nevertheless held that the petitioner was not entitled to habeas relief due to the admission of his testimony at his retrial.  With the benefit of the testimony provided by the petitioner and his trial counsel in state court, the Sixth Circuit concluded that the petitioner's "testimony

was given for reasons wholly distinguishable from the improper dual representation of counsel." *Id.* at *3.

This Court cannot reach the same conclusion here.  In other words, the Court cannot conclude that Mr. Johnson's decision to testify at the first trial was wholly unaffected by the violation of his Sixth Amendment right to counsel.  Although not phrased accordingly, the Sixth Circuit held that Mr. Johnson's convictions were the "result of a defect of reversible proportion[.]"  The Sixth Circuit agreed with Mr. Johnson's assertion that he was not adequately informed "of the dangers and disadvantages of self-representation," which undoubtedly include making trial decisions and formulating trial strategy without the assistance of knowledgeable and experienced counsel.  Deciding whether to testify is one of the most important and fundamental decisions a defendant must make. *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (providing that the defendant has the "ultimate authority to make certain fundamental decisions regarding the case, [such as] . . . whether to . . . testify in his or her own behalf"); *Brooks v. Tennessee*, 406 U.S. 605, 612 (1972) ("Whether the defendant is to testify is an important tactical decision as well as a matter of constitutional right.").

The Court notes that at the final pretrial conference, when addressing this pending motion by Mr. Johnson, the Government pointed out that standby counsel had taken over Mr. Johnson's defense by the time he testified.  But it is not clear

that standby counsel was in a position to effectively advise Mr. Johnson on whether to testify.  Standby counsel had only taken over Mr. Johnson's defense the previous afternoon.  (*See* ECF No. 101 at PageID. 939.)  His grasp of the evidence and his ability to strategize is uncertain.  As the Sixth Circuit observed, counsel acknowledged he had received material from Mr. Johnson that he had not had the opportunity to review.

For these reasons, the Court **GRANTS** Mr. Johnson's motion to preclude the Government from introducing his prior testimony at trial.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 21, 2024