UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Case No. 18-cr-20794
       Honorable Linda V. Parker

MICHAEL JOHNSON,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE THE GOVERNMENT'S EXPERT WITNESSES**

Defendant Michael Johnson is charged with the following: unlawful imprisonment, assault of a domestic partner by strangulation and suffocation, interstate domestic violence, witness tampering, and assault, in violation of 18 U.S.C. §§ 13, 113(a)(8), 113(a)(4), 2261(a), and 1512(b). The matter is presently before the Court on Mr. Johnson's motion to preclude Government witnesses Kelly Berishaj and Holly Rosen from testifying at the upcoming trial. (ECF No. 187.) Mr. Johnson claims that the Government has not filed a notice to call Holly Rosen, provided her curriculum vitae, a statement of her expected testimony, or the basis and methodology for her opinion. Mr. Johnson argues that, in any event, both witnesses' testimony is more prejudicial than probative, and therefore should be

excluded under Federal Rule of Evidence, and unduly encroaches on the jury's function to determine credibility issues.

## Standard of Review

District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A ruling on a motion is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A court may therefore alter its ruling during trial. *See Luce*, 469 U.S. at 41-42. Motions in limine may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998). Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has any tendency to make a fact more or less probable than it

would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 40 (emphasis added). The Court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'" *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is inadmissible if there is a danger of unfair prejudice, not mere prejudice. *See Robinson*, 149 F.3d at 514-15 (citing Fed. R. Evid. 403). "Virtually all evidence is prejudicial or it isn't material." *Id*. at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

## Holly Rosen

The Government did file a notice summarizing Ms. Rosen's proposed testimony on July 12, 2022 (ECF No. 125), and provided subsequent updates (ECF Nos. 139, 189.) As reflected, Ms. Rosen's testimony is expected to explain the dynamics of domestic violence to the jury, such as explaining why victims may act

3

inconsistently, including engaging in self-blame, concealing the abuse from others, reconciling with the abuser, delay reporting abuse, and staying with the abuser. Ms. Rosen also will testify regarding batterer tactics. Ms. Rosen will not opine on whether the victim in this case, C.J. is a victim of domestic violence.

To the extent Mr. Johnson intends to challenge the veracity of C.J.'s testimony based on any of these typical victim behaviors—as happened at the initial trial—Ms. Rosen's testimony is relevant and not unduly prejudicial. Such testimony, as the Government sets out in its response brief, is routinely admitted in trials involving domestic violence, including in Mr. Johnson's first trial here. (*See* ECF No. 191 at 2003-04, 2005-12 (collecting cases).) If, however, Mr. Johnson does not attack the veracity of her testimony through this manner, the Court may conclude that Ms. Rosen's testimony is not relevant.

At this time, however, the Court is denying Mr. Johnson's motion to preclude this testimony.

### Kelly Berishaj

The Government is planning to present Dr. Berishaj as an expert in forensic nursing to testify regarding strangulation and strangulation injuries. She will explain to the jury such things as what strangulation is, the methods of strangulation, and the difference between suffocation and strangulation. This evidence is relevant, as Mr. Johnson is charged with *inter alia* strangulation and

suffocation of C.J.  (*See* ECF No. 191 at PageID. 2013-14 (citing collecting finding such testimony admissible).)  It is not unduly prejudicial.

## Conclusion

For the reasons set forth above, the Court is **DENYING** Mr. Johnson's motion to preclude the Government's expert witnesses from testifying at trial (ECF No. 187).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 25, 2024