UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,     CASE NO. 18-CR-20794

v.            HON. LINDA V. PARKER

MICHAEL LEE JOHNSON,

     Defendant.

_____

GOVERNMENT'S SUPPLEMENTAL RESPONSE & BRIEF TO
DEFENDANT'S RULE 29 MOTION

_____

This matter is before the Court on defendant's oral motion for a directed verdict pursuant to Federal Rule 29(a). For the reasons stated on the record, the government objected to defendant's motion and this Court took defendant's motion under advisement. The jury subsequently convicted the defendant on all but three counts, including Count 1, unlawful imprisonment. (*See* ECF No. 201, PageID.2058). On November 4, 2024, this Court ordered supplemental briefing with respect to Count 1 charging the defendant with unlawful imprisonment. (ECF No. 204, PageID.2067-2068). Specifically, the Court ordered briefing related to "[w]hat evidence supports a finding that Defendant restrained the victim to (a) keep the confinement or location a secret and/or (b) to *facilitate* the commission of another felony?" *Id*. at 2067. With respect to restraining the victim

1

to facilitate another felony, the Court further opined that it interprets the facilitation requirement to mean the restraint made the commission of another felony easier and that it is not sufficient to show simply that another felony occurred while the victim was restrained. *Id.* at 2068.  The government presented proof during the trial sufficient to prove beyond a reasonable doubt that the defendant restrained the victim in secret and that he did so to facilitate his efforts to prevent her from reporting his assaultive behavior to the police. The motion for direct verdict should be denied.

<u>BRIEF</u>

"A defendant challenging the sufficiency of the evidence bears a very heavy burden." *United States v. Prince*, 214 F.3d 740, 746 (6th Cir. 2000) (citation omitted). The question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *U.S. v. Wright*, 774 F.3d 1085, 1088 (6th Cir. 2014). "All reasonable inferences must be made to support the jury verdict." *United States v. LaVictor*, 848 F.3d 428, 456 (6th Cir. 2017). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *Id*. When considering the sufficiency of the evidence, this Court cannot "reweigh the evidence,

2

reevaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *United States v. Emmons*, 8 F.4th 454, 478 (6th Cir. 2021).

<u>Confined in secret</u>:

The trial testimony established that defendant restrained C.J. in secret. The testimony from C.J. confirmed that only defendant and C.J. were present in her second story bedroom when she was restrained and that no one, aside from her minor children (6 years and 9 years respectively), were aware that defendant and C.J. were in her bedroom. It was equally clear from the testimony that the minor children were unaware that defendant was restraining C.J. against her will at the time. Threats made by defendant toward C.J. during his restraint of her further prevented C.J. from disclosing her confinement and ensured that her restraint would remain concealed and secret from anyone who could assist her. "Secret confinement," as element of offense of unlawful imprisonment, means the deprivation of the assistance of others by virtue of the victim's inability to communicate his predicament. *People v. Kosik* 303 Mich.App. 146 (2013), appeal denied 497 Mich. 862. Defendant's threat to "throw [C.J.] out of the window" rendered C.J. unable to communicate her predicament thereby depriving her of assistance from others.

---

Restraint to facilitate the crime of witness tampering:

This Court has further requested the parties focus supplemental briefing on whether defendant restrained the victim to *facilitate* the commission of another felony while suggesting it is not sufficient for the government to show another felony merely occurred while the defendant restrained the victim. The term *facilitate* is not defined in the statute. Where, as here, the statutory term is undefined, "we give it its ordinary meaning." *United States v. Santos*, 553 U.S. 507, 511, 128 S.Ct. 2020 (2008). In the context of criminal law, to "facilitate" generally means "[t]o make the commission of [ ]a crime[ ] easier." Black's Law Dictionary (10th ed. 2014).

Here, especially viewing the evidence in the light most favorable to the government, the jury could have reasonably determined the defendant's motivation in restraining C.J. was to make committing the crime of witness tampering as alleged in count 5 of the First Superseding Indictment easier to accomplish. This is further supported by the jury's guilty verdict on Count 5 (*See* ECF No. 201, PageID.2058).

The evidence showed that on October 23, 2018, defendant entered a second story bedroom with C.J. and began to argue with her. When C.J. attempted to leave the room, defendant positioned his body in such a way that her

4

exit from the room was blocked forcing her to remain in the room. FBI S/A Brad Beyer testified he subsequently interviewed defendant and defendant admitted to preventing C.J. from leaving the room by blocking her exit. This action alone amounted to confinement. "While physical force can be, and often is, used to confine someone against their will, there is no binding authority holding that physical force is required to satisfy the restraint element of unlawful imprisonment." *People v. Jarrell*, 344 Mich App 464, 477-78 (2022). Even "[n]on-physical force can constitute 'restraint' under MCL 750.349b when the exerted force involves a credible threat of harm." *Id*. at 479.

In the instant case, defendant used more than the mere threat of physical force to restrain C.J. because he used actual physical force to confine her. When C.J. attempted to leave the bedroom, defendant pushed her down on the bed several times while commanding her to "sit down, bitch." Ultimately, defendant held C.J. for 30 to 45 minutes in the bedroom against her will. This is a significantly longer time than is required to prove restraint. "The crime of unlawful imprisonment can occur when the victim is confined or her movement is restricted *even for a moment*." *People v. Chelmicki*, 305 Mich App 58, 70 (2014) (emphasis added).

While holding her against her will, defendant noticed that C.J. was on her

5

phone while she tried to ignore defendant's attacks. Defendant, concerned his crimes might be reported, threatened "if I even think you're calling the police I'll throw you out of the window." This constituted witness tampering, a felony, charged in Count 5 of the First Superseding Indictment as found by the jury in their verdict. At the time defendant made the threat he knew that he had already committed a new crime of domestic assault and had violated his parole. Michigan Department of Corrections Officer Brenda Leos testified that one of the terms of defendant's parole was that defendant not to engage in any aggressive, assaultive, or threatening behavior. Defendant pushing C.J. down on the bed violated that term. Ms. Leos testified as such. At the time defendant threatened C.J., he knew there was a chance he would be violated and sent back to prison if his actions were reported. Defendant was justified in his concerns. The very next day, C.J. called both his probation officer to get him removed from her home and called the police to report the multiple crimes that Johnson had committed against her.

Oftentimes people have multiple intents for a single action. For example, if someone donates a couch to Goodwill, they may intend to clear space in a room for other furniture, to help less fortunate people, to feel good about themselves, to get a credit on their taxes for making the donation, etc. All those intents can exist simultaneously. In the instant case, as argued by the defense, defendant may have

initially restrained C.J. for the purposes of talking to her. However, at some point

C.J. made it clear she was done talking and defendant continued to restrain her for

30 to 45 minutes. As the argument escalated, defendant threatened to throw C.J.

out the window if he thought she was calling the police. "[B]ecause it can be

difficult to prove a defendant's state of mind on issues such as knowledge and

intent, minimal circumstantial evidence will suffice to establish the defendant's

state of mind, which can be inferred from all the evidence presented." *People v.*

*Kanaan,* 278 Mich. App. 594, 622 (2008).

        Although the defendant claimed he only restrained C.J. to talk to her and that

any threats were made incidental to the restraint of C.J., the jury reasonably could

have concluded that this claim lacked credence. Rather, the jury could reasonably

have concluded that defendant's threat to harm C.J. was not made in a sincere

effort to continue their conversation because such an assertion defies logic. In

addition, the jury could reasonably have concluded that it was non-sensical to

believe that defendant's threat to harm C.J. could be a sincere effort to *continue*

talking.  Instead, a reasonable jury could have concluded that the statement was

exactly what it purported to be–a threat to prevent C.J. from reporting his abuse to

the police and his parole agent.  Put another way, it is reasonable for the jury to

infer that defendant continued to restrict C.J.'s movement to facilitate the felony

crime of witness tampering so defendant could ensure his assaultive behavior did not get reported. This is especially true considering that "[a]ll conflicts in the evidence must be resolved in favor of the prosecution." *Wright v. West*, 505 U.S. 277, 296-97 (1992). *See* also *People v. Passage,* 277 Mich. App. 175, 177 (2007) *Wright v. West*, 505 U.S. 277, 296-97 (1992).

The evidence presented during the trial offers support from which the jury could reasonably conclude that the defendant's motivation in restraining C.J. was for the purpose of facilitating witness tampering. Defendant restricted C.J. from leaving the bedroom for 30-45 minutes thereby making the commission of witness tampering easier:

- If defendant had not restrained C.J. she would not have been in the room to hear the threat;

- If defendant had not restrained C.J. she could have gone down to the first floor where the threat to throw her out the window would not have been impactful;

- If defendant had not restrained C.J. she could have escaped the residence and sought help from a friend, neighbor, the police, or Johnson's parole officer.

Without restraining C.J., defendant's efforts to prevent C.J. from reporting

8

his crimes would have been ineffective, or even impossible to accomplish. Simply

put, restraining C.J., facilitated defendant's commission of witness tampering. *See*

*Oliver v. Macauley*, No. 21-cv-406, 2024 WL 4143025 (WDMI, September 11,

2024). "Austin testified that after defendant restrained her, he commanded her to

'suck my d*ck, b*tch.' A factfinder could have reasonably found that defendant

manifested his felonious purpose for restraining Austin by having her perform oral

sex on him after restraining her movements. Austin stated that she attempted to

leave again but that defendant stopped her, knocked her to the ground, and

vaginally penetrated her with his penis. A factfinder could have used this evidence

to find that defendant's purpose in restraining Austin was to commit another

criminal sexual assault. Austin testified that she again attempted to leave, but

defendant stopped her, ordered her upstairs, and performed oral sex on her,

pushing her down when she attempted to get up. This is yet another instance from

which a factfinder could find that defendant's motivation in restraining Austin was

to make committing sexual assault on Austin easier." *Williams v. Rapelje*, No. 11-

cv-12876, 2014 WL 267008 (EDMI. January 13, 2014). "Young testified that

defendant Williams grabbed and forced her into his house, after which he closed

and locked the door behind him, and then assaulted her. It was reasonable for the

jury to infer that defendant Williams's actions were aimed at preventing Young

from leaving so that he could assault her. Although defendant Williams

alternatively asserts that he locked his door for security because he lived in a high crime area, it is for the jury to determine what inferences may be drawn from the evidence."

In this instant case, it was reasonable for the jury to conclude defendant's restraint of C.J. facilitated the commission of the witness tampering crime. When considering the sufficiency of the evidence, even if this Court would not have drawn the same conclusions as the jury, this Court cannot "reweigh the evidence, reevaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *United States v. Emmons*, 8 F.4th 454, 478 (6th Cir. 2021). Instead, "[a]ll reasonable inferences must be made to support the jury verdict." *United States v. LaVictor*, 848 F.3d 428, 456 (6th Cir. 2017).

## CONCLUSION

The defendant's Rule 29 motion should be denied.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

Dated: November 18, 2024

s/TIMOTHY M. TURKELSON
Assistant United States Attorney
600 Church Street, Ste. 210
Flint, Michigan 48502
Telephone: (810) 766-5177
Email: timothy.turkelson@usdoj.gov
P53784

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2024, I had caused to be electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Alvin Sallen and Henry Scharg.

Dated: November 18, 2024              s/TIMOTHY TURKELSON_____
                                                         Assistant United States Attorney