UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

                                        Case No. 18-cr-20794
v.                                  Honorable Linda V. Parker

MICHAEL LEE JOHNSON,

    Defendant.
_____/

## DEFENDANT'S SUPPLEMENTAL BRIEF

**A. Background:**

During trial, on October 31, 2024, Defendant moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a). The Court took the motion under advisement. In compliance with this Court's November 4, 2024 Order (ECF No. 204), the defense submits this supplemental brief and renews his motion.

**B. Applicable Law:**

"After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of

acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed R. Crim. P. 29(a).

In resolving whether or not there was legally sufficient evidence to sustain a conviction, a trial court must view the evidence "in the light most favorable to the prosecution," and may not enter a judgment of acquittal if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Paulus*, 894 F.3d 267 (6th Cir. 2018) (citation omitted).

The trial court is to review only the relevant evidence. See, *America Tobacco Co. v. United States*, 328 U.S. 781, 787 n. 4 (1946) (quoting *Mortensen v. United States*, 332 U.S. 369, 374 (1944). "The prosecution … must present substantial evidence as to each element of the offense from which a jury could find the accused guilty beyond a reasonable doubt." *Brown v. Davis*, 752 F.2d 1142, 1145 (6th Cir. 1985) (internal citation omitted). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *United States v. Martin*, 375 F.2d 956, 957 (6th Cir. 1967).

### C. Argument:

**There was insufficient evidence to support the unlawful imprisonment conviction.**

The Government argued that two felonies were committed against the victim Casey Johnson while she was restrained on October 23, 2018: (i) pushing her onto the bed and (ii) threatening to throw her out the window or otherwise harm her if she called the police (i.e., witness tampering).

The testimony adduced at trial was that on October 23, 2018, the complainant CJ, her two children, and defendant were living together in an apartment. Defendant had been criticizing CJ regarding such matters as who was keeping up their weight in cleaning the apartment, disciplining the children and aspects of their sexual relationship. On October 23, 2018, CJ came home from work, tired, and went into their bedroom. CJ did not want to continue discussing their relationship or hearing defendant's criticism. Defendant stood in front of the bedroom door and pushed CJ onto the bed to continue his criticism of CJ. The restraint was to discuss, work out and ease "facilitate" their relationship, not to commit another felony. While CJ was removing pictures and contents from her cell phone, she claimed that Michael threatened to throw her out the window if he thought she was

calling the police. At one point CJ left the bedroom to check on one of her children in the next room. The discussion concluded without incident. The couple made love and slept together in their bedroom.

Defendant's threat was a reaction to what he thought CJ might do in the future, but it was not the reason he initially blocked the door to the bedroom, that is, blocking the door did not facilitate witness tampering.

"[T]o 'facilitate the commission of another felony …means 'to make' the commission 'easier.'" *People v. Hill*, Dkt. No. 347823, 2020 Mich. App. LEXIS 4521, p. 3 (Mich. Ct. App. July 16, 2020) (citation omitted); and see *Oliver v. MaCauley*, No. 1:21-cv-406, 2024 U.S. Dist. LEXIS 163062, pp. 30-31, n.3 (W.D. Mich. Sep. 11, 2024).

In *Hill*, the defendant was charged with unlawful imprisonment and carjacking in Michigan. *Id.* at 4. The defendant had committed an armed robbery and fled the scene by stealing the complainant's vehicle. *Id.* at 2. The defendant approached the complainant as she was entering her vehicle, and he poked her with an object she believed was a gun. *Id.* at 1–2. The defendant forced his way into the vehicle and tried to push the complainant into the passenger seat. *Id.* at 2. The complainant convinced the defendant to let her walk around the vehicle to the passenger side instead, and when she was free, she ran away. *Id.*

The complainant testified that the defendant was "all over her as soon as she opened the car door, poked her with a hard object that she thought was a gun, ordered her to get into the passenger seat, and that she did not feel free to leave." *Id.* at 4. The Michigan Court of Appeals that "[t]his was enough to 'restrain' [the complainant] and sufficient to facilitate defendant's commission of carjacking." *Id.*

In *Oliver*, the defendant restrained the complainant and forced her to have oral sex. *Oliver*, supra, p. 30. The complainant attempted to leave but defendant stopped her and vaginally penetrated her with his penis." *Id.* The complainant attempted to leave again, but "the defendant stopped her, ordered her upstairs, and performed oral sex on her, pushing her down when she attempted to get up." *Id.* at 30–31. The District Court held that a factfinder could have found that the defendant's actions "manifested his felonious purpose for restraining [the complainant] by having her perform oral sex on him," "that defendant's purpose in restraining [the complainant] was to commit **another** criminal sexual assault."

As *Hill* and *Oliver,* illustrate, there must be direct connection between the restraint and the facilitation of **another** felony. As this Court noted, **"[i]t is not sufficient to show that the felony simply happened to have**

**occurred while a person was restrained."** (Order, ECF No. 204, PageID.2068).

### D. Relief Requested:

Based on the foregoing points and authorities Defendant, Michael Lee Johnson, requests this Honorable Court grant his Rule 29 (a) Motion and enter a Judgment of Acquittal on Count One of the Superseding Indictment: unlawful imprisonment.

Respectfully submitted,

*s/Alvin C. Sallen*
ALVIN C. SALLEN
Attorney for Defendant
30100 Telegraph Rd Ste 360
Bingham Farms, MI 48025
(248) 646-4686
asallenlaw@gmail.com


*s/Henry M. Scharg*
HENRY M. SCHARG (P28804)
Attorney for Defendant
30445 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 596-1111
hmsattyatlaw@aol.com

Dated: November 18, 2024

## **CERTIFICATE OF SERVICE**

I certify that on November 18, 2024, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will serve the parties of record.

*s/Alvin C. Sallen*
Alvin C. Sallen
