UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                    Case No. 18-cr-20794

v.                                  Honorable Linda V. Parker

MICHAEL JOHNSON,

       Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## ORAL MOTION FOR JUDGMENT OF ACQUITTAL

On November 1, 2024, a jury found Defendant guilty of one count of the following: unlawful imprisonment, assault of a domestic partner by strangulation or attempted strangulation, assault of a domestic partner by suffocation or attempted suffocation, and interstate domestic violence.  (*See* ECF No. 201.)  The jury also found Defendant guilty of seven counts of witness tampering but acquitted him of an additional witness tampering count, as well as one count of assault by striking, beating or wounding.  (*See id*.)  At the close of the Government's case, Defendant orally moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a) with respect to all counts.  (ECF No. 199.)  The Court subsequently ordered supplemental briefing with respect to the charge of unlawful imprisonment (ECF No. 204), which the parties filed (ECF

Nos. 206-09.)  For the reasons set forth below, the Court is denying Defendant's motion.

### Standard of Review

The Sixth Circuit has described the standard for granting a Rule 29 motion for judgment of acquittal as a "demanding" one, *United States v. Brooks*, 987 F.3d 593, 601 (6th Cir. 2021), which imposes a "very heavy burden" on the defendant, *United States v. Robinson*, 99 F.4th 344, 354 (6th Cir. 2024) (quoting *United States v. Emmons*, 8 F.4th 454, 478 (6th Cir. 2021)).  The defendant must show that "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Brooks*, 987 F.3d at 601 (citing *United States v. Maya*, 966 F.3d 493, 498 (6th Cir. 2020)).

When deciding a Rule 29 motion, the court "do[es] not weigh the evidence presented, consider the credibility of witnesses, or substitute [its] judgment for that of the jury."  *Robinson*, 99 F.4th at 353 (quoting *United States v. Jackson*, 470 F.3d 299, 309 (6th Cir. 2006)).  Instead, it "must 'draw all available inferences and resolve all issues of credibility in favor of the jury's verdict.'"  *Id.* (quoting *Jackson*, 470 F.3d at 309).  The evidence can be direct or circumstantial, and "need not remove every reasonable hypothesis except that of guilt."  *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002) (citations omitted); *see also*

*Robinson*, 99 F.4th at 354 (quoting *United States v. LaVictor*, 848 F.3d 428, 456 (6th Cir. 2017)).

## Analysis

Defendant focused exclusively on Counts 1 and 8 when moving for a judgment of acquittal, arguing that there was insufficient evidence to support the charges against him.  The jury in fact agreed with Defendant as to Count 8, as it found him not guilty of assault by striking, beating, or wounding.  His motion as to Count 8 is, therefore, moot.  The Court focuses only on Count 1, here.

Count 1 of the First Superseding Indictment charged Defendant with unlawful imprisonment of Casey Johnson on October 23, 2018.  Most significantly for purposes of Defendant's motion, the elements of this charge include that Defendant "knowingly restrained" Johnson and "did so" by "secretly confin[ing]" her and/or "to facilitate the commission of another felony[.]"[1]  "To facilitate" means "to make" the commission of another felony "easier."  *Oliver v. MaCauley*, No. 1:21-cv-406, 2024 WL 4143025, at *11 (W.D. Mich. Sept. 11, 2024) (quoting *Black's Law Dictionary* (10th ed.)); *People v. Hill*, No. 347823, 2020 WL 4036496, at *2 (Mich. Ct. App. July 16, 2020) (quoting *Merriam-Webster's Collegiate*

---

[1] The Government also had to show that the conduct occurred in "Indian Country," Defendant is a non-Indian, and Johnson is an Indian.  Defendant has not argued that there was insufficient evidence to support these elements.  There was, as they were stipulated to by the parties.  (*See* ECF No. 211 at PageID. 2231.)

*Dictionary* (11th ed.)).  Defendant argues that there was insufficient evidence to show that he restrained Johnson by secret confinement or to facilitate the commission of another felony.  Applying the appropriate standard, the Court cannot agree.

This is because there was sufficient evidence for the jury to conclude that Johnson was "secret[] confine[d]."  "Secret confinement" has been defined to mean "the deprivation of the assistance of others by virtue of the victim's inability to communicate his [or her] predicament."[2]  *People v. Jaffray*, 519 N.W.2d 108, 119 (Mich. 1994); *see also People v. Kosik*, 841 N.W.2d 906, 910 (Mich. Ct. App. 2013) (quoting *Jaffray*).  Johnson testified that she scrolled through her mobile phone for some of the time that Defendant had her restrained in their bedroom, and Defendant responded by threatening to throw her out the second-floor bedroom window if she thought about calling the police.  A reasonable juror could conclude that Defendant's threat precluded Johnson from seeking help.

The Government also argues that Defendant knowingly restrained Johnson to facilitate the commission of another felony.  The Government points to evidence

---

[2] The Government has argued that Johnson was secretly confined because she and Defendant were in their bedroom, and only Johnson's children knew they were there.  (*See* ECF No. 206 at PageID. 2075.)  The fact that these were the only individuals in the household and that, therefore, the outside world was unaware that Defendant and Johnson were in the bedroom cannot possibly mean that Johnson was "secretly" confined.

that Defendant pushed Johnson onto the bed several times when she attempted to end their conversation and leave their bedroom.  The Government also points to Defendant's threat to throw Johnson out the window if she contacted the police, which was the conduct supporting the felony witness tampering charge in Count 5 of the First Superseding Indictment, for which the jury found Defendant guilty.

Defendant's shove did not constitute a felony, however.[3]  *See* Mich. Comp. Laws § 750.81.  And, even when viewed in the light most favorable to the Government, the evidence did not show that Defendant's restraint of Johnson facilitated witness tampering.[4]  In fact, the Court believes it is the other way around—that is, Defendant's threat, which constituted witness tampering, made it easier to facilitate Johnson's restraint.  The facts in this case are quite distinguishable from those cited by the Government in its brief, where the defendants restrained victims to make it possible—that is, "easier"—to sexually

---

[3] Notably, the jury found Defendant not guilty of assault by striking, beating, or wounding, which was premised on this conduct.

[4] The Government presents three views of how Defendant's restraint of Johnson "facilitated" witness tampering.  (*See* ECF No. 206 at PageID. 2080.)  Specifically, the Government argues that if Johnson had not been restrained: "she would not have been in the room to hear the threat;" "she could have gone down to the first floor where the threat to throw her out the window would not have been impactful;" and "she could have escaped the residence and sought help[.]"  (*Id.*)  But what this actually demonstrates is that Defendant's restraint of Johnson and his threat to her are two independent actions.  The threat happened to occur while Johnson was restrained; however, the threat was not made easier because of that restraint.

assault them.  (*See* ECF No. 206 at PageID. 2080-81 (citing *Oliver v. Macauley*, No. 21-cv-406, 2024 WL 4143025 (W.D. Mich. Sept. 11, 2024); *Williams v. Rapelje*, No. 11-cv-12876, 2014 WL 267008 (E.D. Mich. Jan. 13, 2014).)

In any event, as discussed above, the evidence presented, when viewed in the Government's favor, was sufficient to show "secret[] confinement" and support the jury's verdict on Count 1.  Thus, the Court is denying Defendant's motion for judgment of acquittal as to his unlawful imprisonment conviction.

Drawing all available inferences and resolving all issues of credibility in favor of the jury's verdict, the Court also finds sufficient evidence to support Defendant's convictions on the remaining counts.

For these reasons, Defendant's oral motion for directed verdict is **DENIED**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: February 13, 2025

6